FILED

2008 AUG -7   PM 4: 38

1   Christopher J. Hamner, Esq. (SBN 197117)
    Kimberly Westmoreland, Esq. (SBN 237919)
2   **HAMNER LAW OFFICES, LLC**
    16601 Ventura Blvd., Suite 204
3   Encino, California 91436
    Telephone:  (818) 386-0444
4   Facsimile.:  (818) 386-0050
    chamner@hamnerlaw.com
5   kwestmoreland@hamnerlaw.com

6   Glenn Nunes, Esq. (SBN 210453)
    **FREEMAN & NUNES**
7   20501 Ventura Blvd., Suite 275
    Woodland Hills, California 91364
8   Telephone:  (818) 999-9661
    Facsimile:  (818) 999-9641
9   glenn@freeman-nunes.com

10  Chance E. Gordon, Esq. (SBN 198512)
    **THE GORDON LAW FIRM**
11  5757 Wilshire Blvd., Suite 636
    Los Angeles, California 90036
12  Telephone:  (323) 933-6088
    Facsimile:   (323) 933-6090
13  cgordon@gordonlawfirm.net

14
15  Attorneys for Plaintiff ROBERT SPAIN, LORRAINE BERTE, EZEQUIEL
    GONZALEZ RIVERA, NICOLE CONWAY, NATALIE SAN ROMAN,
16  AMANDA DAVIS, ALLISON COOPER, JANEL RACHUNOK,
    MARK HERMAN, ANTHONY BINIKOS, MANU ELLOIE, ANTHONY
17  FORTIER, CAROLYN SPAIN, JOE ZAMBRANO AND JEROME SCHULTE,
    RALPH SAN ROMAN, AIMEE BELASQUEZ on behalf of themselves and all
    others similarly situated

18

19              **UNITED STATES DISTRICT COURT**

20        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

21
    ROBERT SPAIN, an individual California ) CASE NO.:CV 08-1486-AHM(RCx)
22  Resident,  LORRAINE  BERTE,  an )
    individual California Resident, EZEQUIEL ) Hon. A. Howard Matz, Judge
23  GONZALEZ  RIVERA,  an  individual )
    California Resident, NICOLE CONWAY, ) **FIRST AMENDED CLASS**
24  an  individual  California  Resident, ) **ACTION COMPLAINT FOR:**
    NATALIE  SAN  ROMAN,  an individual )
25  California Resident, AMANDA DAVIS, an ) **1.    FAILURE TO PROVIDE**
    individual California Resident, ALLISON )      **REST PERIODS AND**
26  COOPER,  an  individual  California )      **MEAL PERIODS OR**
    Resident,  JANEL  RACHUNOK,  an )      **COMPENSATION IN LIEU**
27  individual  California  Resident,  MARK )      **THEREOF;**
    HERMAN,  an  individual  California )
28  Resident,  ANTHONY  BINIKOS,  an ) **2.    FAILURE TO PAY**
    individual  California  Resident,  MANU )      **OVERTIME WAGES IN**
    ELLOIE, an individual California Resident, )      **VIOLATION OF**

                              1

| | |
|---|---|
| 1 | ANTHONY FORTIER, an individual) **CALIFORNIA OVERTIME** |
| | California Resident, CAROLYN SPAIN, an) **LAW;** |
| 2 | individual California Resident, JOE) 3. **KNOWING AND** |
| | ZAMBRANO, an individual California) **INTENTIONAL FAILURE** |
| 3 | Resident, JEROME SCHULTE, an) **TO COMPLY WITH** |
| | individual California Resident, RALPH) **ITEMIZED EMPLOYEE** |
| 4 | SAN ROMAN, an individual California) **WAGE STATEMENT** |
| | Resident, AIMEE BELASQUEZ, an) **PROVISIONS;** |
| 5 | individual California Resident, on behalf of) |
| | themselves and all others similarly situated,) 4. **VIOLATIONS OF THE** |
| 6 | **UNFAIR COMPETITION** |
| | Plaintiffs, ) **LAW;** |
| 7 | ) |
| | v. ) 5. **FRAUD; and** |
| 8 | ) |
| | AL COPELAND INVESTMENTS, INC.,) 6. **DECLARATORY RELIEF** |
| 9 | a Louisiana Corporation, ROBERT) |
| | HARTMANN, an individual California) |
| 10 | Resident, IMPROV WEST, INC., a) **DEMAND FOR TRIAL BY JURY** |
| | California Corporation, LEVITY) |
| 11 | ENTERTAINMENT GROUP, INC., a) |
| | California Corporation, GERSON M.) |
| 12 | FRIEDMAN aka BUDD FRIEDMAN, an) |
| | individual California Resident, COMEDY) |
| 13 | CLUB OF BREA, LLC, a California) |
| | Limited Liability Company, COMEDY) |
| 14 | CLUB OF SAN JOSE, LLC, a California) |
| | Limited Liability Company, IRVINE) |
| 15 | COMEDY CLUB, LLC, a California) |
| | Limited Liability Company, IMPROV) |
| 16 | COMEDY CLUB (Hollywood), a business) |
| | entity of unknown form, IMPROV) |
| 17 | COMEDY CLUB (Ontario), a business) |
| | entity of unknown form; CALIFORNIA) |
| 18 | COMEDY, INC., a California) |
| | Corporation, ROBERT GRAY, an) |
| 19 | individual California Resident, and DOES) |
| | 1 through 10, inclusive, ) |
| 20 | ) |
| | Defendants. ) |
| 21 | ) |
| 22 | |

Plaintiffs Robert Spain, Lorraine Berte, Ezequiel Gonzalez Rivera, Nicole

Conway, Natalie San Roman, Amanda Davis, Allison Cooper, Janel Rachunok,

Mark Herman, Anthony Binikos, Manu Elloie, Anthony Fortier, Carolyn Spain,

Joe Zambrano, Jerome Shulte, Ralph San Roman, Aimee Belasquez on behalf of

themselves and all other similarly situated, hereby allege the following causes of

action against Defendants Al Copeland Investments, Inc., a Louisiana

2

Corporation, Robert Hartmann, an individual California Resident, Improv West, Inc., a California Corporation, Levity Entertainment Group, Inc., a California Corporation, Gerson M. Friedman aka Budd Friedman, an individual California Resident, Comedy Club of Brea, LLC, a California Limited Liability Company, Comedy Club of San Jose, LLC, a California Limited Liability Company, Irvine Comedy Club, LLC, a California Limited Liability Company, Improv Comedy Club (Hollywood), a business entity of unknown form, Improv Comedy Club (Ontario), a business entity of unknown form, California Comedy, Inc. a California Corporation, Robert Gray, an individual California Resident, and Does 1 through 10, inclusive as follows:

## PARTIES

1.      Plaintiff Robert Spain ("Spain") is, and at all relevant times mentioned herein was, a competent individual over the age of 18 years old, and a resident of the State of California.  Spain sues herein on behalf of himself and all others similarly situated.  Spain worked as a server at the San Jose Improv Comedy Club from October of 2003 through January of 2006.

2.      Plaintiff Ezequiel Gonzalez Rivera ("Rivera") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California.  Rivera sues herein on behalf of himself and all others similarly situated.  Rivera has worked as a cook at the Ontario Improv Comedy Club from 2004 to the present.

3.      Plaintiff Natalie San Roman ("San Roman") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. San Roman sues herein on behalf of herself and all others similarly situated.  San Roman  worked as a server at the Irvine Improv Comedy

3

Club from 2002 to the present.  From 2003 to 2004 San Roman worked at the Improv Comedy Club in Brea, and from August of 2006 to the present at the Improv Comedy Club in Irvine.

4.    Plaintiff Nicole Conway ("Conway") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Conway sues herein on behalf of herself and all others similarly situated.  Conway worked as a server at the Ontario Improv Comedy Club from October 2002 through June 2007, as well as a server at the Irvine Improv Comedy Club from December 2007 to the present.

5.    Plaintiff Lorraine Berte ("Berte") is, and at all relevant times mentioned herein was, over the age of 18 years old and a resident of the State of California.  Berte sues herein on behalf of herself and all others similarly situated.  Berte worked as a server at the Ontario Improv Comedy Club from 2003 through 2006.

6.    Plaintiff Anthony Fortier ("Fortier") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California.  Fortier sues herein on behalf of himself and all others similarly situated.  Fortier has worked as a bartender at the Irvine Improv Comedy Club for the past 10 years.

7.    Plaintiff Jerome Shulte ("Shulte") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Schulte sues herein on behalf of himself and all others similarly situated. Schulte worked as a server at the Brea Improv Comedy Club from July of 2003 to July of 2006, and as a server at the Irvine Improv Comedy Club from November of 2006 to August of 2007.

4

8. Plaintiff Anthony Binikos ("Binikos") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Binikos sues herein on behalf of himself and all others similarly situated. Binikos has worked as a bartender at the Irvine Improv Comedy Club for the past 10 years.

9. Plaintiff Mark Herman ("Herman") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Herman sues herein on behalf of himself and all others similarly situated. Hermann has worked as a bartender at the Irvine Improv Comedy Club for the past 10 years.

10. Plaintiff Joe Zambrano ("Zambrano") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Zambrano sues herein on behalf of himself and all others similarly situated. Zambrano has worked as a server at the Irvine and Brea Improv Comedy Clubs from 2002 to the present.

11. Plaintiff Carolyn Spain is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Ms. Spain sues herein on behalf of herself and all others similarly situated. Ms. Spain worked as a server at the San Jose Improv Comedy Club from October of 2003 through January of 2006.

12. Plaintiff Manu Elloie ("Elloie") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Elloie sues herein on behalf of himself and all others similarly situated. Elloie has worked as a server at the Irvine Improv Comedy Club from 2007 to the present.

13. Plaintiff Amanda Davis ("Davis") is, and at all relevant times

5

mentioned herein was over the age of 18 years old, and a resident of the State of California. Davis sues herein on behalf of herself and all others similarly situated. Davis worked as a server at the Irvine and Ontario Improv Comedy Clubs from March of 2003 through May of 2008.

14.   Plaintiff Allison Cooper ("Cooper") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Cooper sues herein on behalf of herself and all others similarly situated. Cooper worked as a server and bartender at the Irvine Improv Comedy Club from 2003 through August of 2007.

15.   Plaintiff Janel Rachunok ("Rachunok") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Rachunok sues herein on behalf of herself and all others similarly situated. Rachunok worked as a runner at the Ontario Improv Comedy Club from 2006 through 2007.

16.   Plaintiff Ralph San Roman is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Mr. San Roman sues herein on behalf of himself and all others similarly situated. Mr. San Roman has worked as a runner and bartender at the Brea, Ontario and Irvine Improv Comedy Clubs for the past eight years.

17.   Plaintiff Aimee Belasquez ("Belasquez") is, and at all relevant times mentioned herein was over the age of 18 years old, and a resident of the State of California. Belasquez sues herein on behalf of herself and all others similarly situated. Belasquez has worked as a server at the Irvine  Improv Comedy Club from September of 2005 to the present.

18.   Plaintiffs Robert Spain, Lorraine Berte, Ezequiel Gonzalez Rivera,

6

Nicole Conway, Natalie San Roman, Amanda Davis, Allison Cooper, Janel Rachunok, Mark Herman, Anthony Binikos, Manue Elloie, Anthony Fortier, Carolyn Spain, Joe Zambrano, Jerome Schulte, Ralph San Roman, and Aimee Belasquez, are collectively referred to as "Plaintiffs."

19.   Plaintiffs allege on information and belief that Defendant Al Copeland Investments, Inc., ("Al Copeland Investments"), a Louisiana Corporation, owns, operates, controls and/or does business as the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine, and Ontario.

20.   Plaintiffs allege on information and belief that Defendant Robert Hartmann ("Hartmann"), a California Resident, owns, operates, controls and/or does business as the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine, and Ontario.

21.   Plaintiffs allege on information and belief that Defendant Improv West, Inc., a California Corporation ("Improv West"), owns, operates, controls and/or does business as the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine, and Ontario.

22.   Plaintiffs allege on information and belief that Defendant California Comedy, Inc., a California Corporation ("California Comedy"), owns, operates, controls and/or does business as the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine, and Ontario.

23.   Plaintiffs allege on information and belief that Defendant Levity Entertainment, Inc., a California Corporation ("Levity Entertainment"), owns, operates, controls and/or does business as the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine, and Ontario.

24.   Plaintiffs allege on information and belief that Defendant Comedy

7

Club of Brea, LLC, a California Limited Liability Company owns, operates, controls and/or does business as the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine, and Ontario.

25.    Plaintiffs allege on information and belief that Defendant Comedy Club of San Jose, LLC, a California Limited Liability Company owns, operates, controls and/or does business as the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine, and Ontario.

26.    Plaintiffs allege on information and belief that Defendant Irvine Comedy Club, LLC, a California Limited Liability Company owns, operates, controls and/or does business as the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine, and Ontario.

27.    Plaintiffs allege on information and belief that Defendant Improv Comedy Club (Hollywood), a business entity of unknown form owns, operates, controls and/or does business as the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine, and Ontario.

28.    Plaintiffs allege on information and belief that Defendant Improv Comedy Club (Ontario), a business entity of unknown form owns, operates, controls and/or does business as the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine, and Ontario.

29.    Plaintiffs allege on information and belief that Defendant Robert Gray is a California resident who at all relevant times herein was and has been District Manager / Executive for the Improv Comedy Club in San Jose, Hollywood, Brea, Irvine and Ontario.

30.    Plaintiffs and the class they seek to represent, are unaware of the true names and capacities of Defendants sued herein as Does 1-10, inclusive ("Doe

8

FIRST AMENDED CLASS ACTION COMPLAINT

Defendants"), and therefore sue these Doe Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of said Doe Defendants when ascertained.  Plaintiffs are informed and believe, and thereon allege, that at all relevant times mentioned herein, each of the fictitiously-named Doe Defendants conducted business in Los Angeles County, California, and are culpable or responsible in some manner and/or conspired with one or more of the other Defendants for the conduct, acts, omissions, occurrences, injuries, and damages herein alleged, and that the injuries and damages sustained by Plaintiffs were directly and proximately caused thereby.  Al Copeland Investments, Inc.,  Comedy Club of Brea, LLC, Comedy Club of San Jose, LLC, Irvine Comedy Club, LLC, Robert Hartmann, Gerson M. Friedman aka Budd Friedman, California Comedy, Inc., Improv West, Inc., Levity Entertainment, Inc., Robert Gray and Doe Defendants are hereinafter referred to collectively as "Defendants."

## GENERAL ALLEGATIONS

31.    Upon information and belief, during the liability period, thousands of Defendants' Non-Exempt Employees worked in non-exempt, non-managerial positions and includes but are not limited to cooks, servers, expediters, busboys, waiters, bartenders, hostesses, food servers, dishwashers, door people, ticket sales people, security, and or similar and incidental positions related to the operation of a restaurant.

32.    Plaintiffs and the class they seek to represent are / were Non-Exempt employees of Defendants and were not provided rest periods for work periods of and were not compensated one hours' wages in lieu thereof all in violation of, among other things, Labor Code sections 201, 202, 208, 218.5, 218.6, 221, 226.7,

9

227.3, 512, 1194, 1199, 2802, and all applicable Industrial Welfare Commission Wage Orders.

33.   Plaintiffs and the class they seek to represent are informed and believe, and based thereon allege, Defendants currently employ, and during the relevant period have employed, over 5,000 employees in the State of California in non-exempt positions, such as restaurant employees and/or other similar positions.

34.   Plaintiffs and the class they seek to represent spend / spent the majority of their time doing the following routine, non-discretionary tasks for Defendants, including but not limited to: cooking, preparing food, bussing tables, waiting on tables, seating patrons, serving food, "expediting" food, washing dishes, taking orders, selling tickets, providing security, and other duties incidental and necessary to the operation of an Improv Comedy Club.  These duties occupy more than 50% of the work time of Plaintiffs and the class they seek to represent.

35.   Plaintiffs and the class they seek to represent are / were at all times pertinent hereto, non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations fo the ICW California Wage Orders.

36.   During the liability period, Plaintiffs and the class they seek to represent have been / were employed by Defendants as Non-Exempt Employees and were paid on an hourly basis.

37.   During the liability period Plaintiffs and the class they seek to represent were not provided lawful rest and meal periods, and were not provided with one hours wage in lieu thereof.  Instead, Defendants have had a policy of not providing rest and meal breaks to Plaintiffs and the class they seek to represent.

10

During the Liability Period, Defendants consistently impeded, discouraged, and/or dissuaded the taking of such breaks.

38.     Defendants did not / do not fully compensate Plaintiffs and the class they seek to represent for hourly wages during the liability period and did not compensate Plaintiffs and the class they seek to represent for Defendants' failure to provide rest periods and meal periods during the rest and meal period liability period.

39.     On information and belief, Defendants have been notified of the improprieties alleged herein by their employees, and have intentionally and maliciously refused to rectify their policy.

40.     Defendants and/or their managing agents, employees, owners, shareholders, superintendents, managers, or persons acting on their behalf, willfully, intentionally, recklessly, and unlawfully forced the unlawful practices alleges herein.

41.     Defendants' denial of legal compensation due to Plaintiffs and the class they seek to represent was a breach of Defendants' fiduciary duty to Plaintiffs and the class they seek to represent, as the denial was deliberate, showed a callous disregard for the rights of Plaintiffs who relied on Defendants to compensate them fairly.

42.     On information and belief, during the liability period Defendants willfully failed to pay the legal wages, failed to provide rest and meal periods during which Defendants' Non-Exempt employees were required to work, and willfully failed to pay one hour's wages in lieu of rest and meal periods.

43.     Plaintiffs and the class they seek to represent allege Defendants have made it difficult to account with precision for the unlawfully withheld wages and

11

deductions due to Plaintiffs and the class they seek to represent, during the liability period, because Defendants did not implement and preserve a record keeping method to record all the unlawful deductions by its employees as required for non-exempt employees by California Labor Code sections 226, 1174(d), and section 7 of the California Wage Orders.

44.    On information and belief, Defendants have failed to comply with Labor Code section 226(a) by failing / refusing to itemize in wage statements all deductions from payment of wages by failing / refusing to accurately report total hours worked by Plaintiffs and the class they seek to represent.  Plaintiffs and the class they seek to represent are entitled to penalties not to exceed $4,000 each pursuant to Labor Code section 226(b).

45.    On information and belief, Defendants have failed to comply with Industrial Welfare Commission ICW Wage Order 5-2001(7) by, among other violations, failing to maintain time records showing: (a) when the employee begins and ends each work period, (b) meal periods, and (c) by itemizing in wage statements all deductions from payment of wages with accurate reporting of total hours worked by Plaintiffs and the class they seek to represent.

46.    Plaintiffs and the class they seek to represent are covered by the California Industrial Welfare Commission Occupational Wage Order Nos. 5-2001, 5-1998, California Industrial Welfare Commission in No. 4 (Title 8 Cal. Code of Reg. sections 11040, 11070), and the Labor Code.

## CLASS ACTION ALLEGATIONS

47.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a Class Action pursuant to Federal Rules of Civil Procedure, Rule 23.

12

48.     Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

49.     This action has been brought and may properly be maintained as a class action under the provisions of Federal Rules of Civil Procedure, Rule 23, because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

**A.     Numerosity**

50.     The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ, and during the relevant time periods employed over 5,000 hourly employees.

51.     Accounting for employee turnover during the relevant time periods necessarily increases this number substantially.  Plaintiffs allege Defendants' employment records would provide information as to the number and location of all proposed class members.  Joinder of all members of the proposed class is not practicable.

**B.     Commonality**

52.     There are questions of law and fact common to the proposes class that predominate over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

      (1)     Whether Defendants failed to pay for all hours worked;

      (2)     Whether Defendants failed to pay overtime compensation as required by the Labor Code and Wage Orders;

13

FIRST AMENDED CLASS ACTION COMPLAINT

(3)    Whether Defendants violated Labor Code §§226.7 and 512, IWC Wage Order 5-2001 or other applicable IWC Wage Orders, by failing to provide daily rest periods for every four (4) hours or major fraction thereof worked and failing to compensate said employees one (1) hour's wages in lieu of rest periods;

(4)    Whether Defendants violated Labor Code §§226.7 and 512, IWC Wage Order 5-2001 or other applicable IWC Wage Orders, by failing to provide meal period on days they worked in excess of five (5) hours and failing to compensate said employees one (1) hour's wages in lieu of meal periods;

(5)    Whether Defendants violated California Law, including other applicable IWC Wage Orders, by failing to provide meal period on days they worked in excess of eight (8) hours and failing to compensate said employees one (1) hour's wages in lieu of meal periods;

(6)    Whether Defendants violated §226(a) of the Labor Code;

(7)    Whether Defendants violated §17200 et seq. of the Business & Professions Code by failing to provide wages and compensation to hourly employees;

(8)    Whether Plaintiffs and the members of the proposed class are entitled to equitable relief pursuant to Business and Professions Code §17200 et.seq.;

(9)    Whether certain Plaintiffs and other putative class members were induced to settle, resolve or waive any of the claims

14

FIRST AMENDED CLASS ACTION COMPLAINT

alleged herein in justified reliance upon fraudulent

misrepresentations and omissions by Defendants; and

(10)   Whether settlement agreements, waivers, and releases entered

into by and between certain Plaintiffs and other putative class

members on one hand, and Defendants on the other hand,

which settle, resolve or waive any of the claims alleged in the

original complaint filed in this matter, should be held to be

void.

(11)   Whether Defendants are liable to Class Members for fraud

related to the aforementioned agreements, waivers and releases.

**C.**   **Typicality**

53.   The claims of the named Plaintiffs are typical of the claims of the

proposed class. Plaintiffs and all class members of the proposed class sustained

injuries and damages arising out of and caused by Defendants' common course of

conduct and policy in violation of laws, regulations that have the force and effect

of law and statues as alleged herein.

**D.**   **Adequacy of Representation**

54.   Plaintiffs will fairly and adequately represent and protect the interests

of the members of the proposed class. Counsel who represent Plaintiffs are

experienced and competent with regard to litigating employment cases and wage

and hour class actions.

**E.**   **Superiority of Class Action**

55.   A class action is superior to other available means for the fair and

efficient adjudication of this controversy. Individual joinder of all proposed class

members is not practicable, and questions of law and fact common to the proposed

15

class members is not practicable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class.  Each member of the proposed class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate class members at the legal overtime rates and denying class members rest and meal periods without legal compensation.

56.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

**(FAILURE TO PROVIDE REST PERIODS AND MEAL PERIODS OR COMPENSATION IN LIEU THEREOF AGAINST AL COPELAND INVESTMENTS, COMEDY CLUB OF BREA, LLC, COMEDY CLUB OF SAN JOSE, LLC, IRVINE COMEDY CLUB, LLC, IMPROV COMEDY CLUB (HOLLYWOOD), IMPROV COMEDY CLUB (ONTARIO), ROBERT HARTMANN, GERSON M. FRIEDMAN AKA BUDD FRIEDMAN, CALIFORNIA COMEDY, INC., IMPROV WEST, INC., LEVITY ENTERTAINMENT, INC. AND DOES 1 TO 10)**

57.    Plaintiffs incorporate by reference paragraphs 1 through 56 above as though set forth in full herein.

58.    By their failure to provide rest and meal periods to Defendants Non-Exempt employees as mandated by California Law, and by failing to provide compensation for such unprovided rest periods and meal periods, as alleged above,

16

Defendants willfully violated, among other laws, the provisions of California Labor Code sections 226.7 and 512, and ICW Wage Order Nos. 5-20000, 5-2001.

59.    By failing to keep adequate time records required by sections 226 and 1174(d) of California Labor Code, Defendants have made it difficult to calculate the unpaid rest and meal period compensation due  Plaintiffs and the class they seek to represent.

60.    As a result of the unlawful acts of Defendants, Plaintiffs and the class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, under Labor Code sections 203, 218.5, 226, 226.7, 1194, ICW Wage Orders 5-2000 and 5-2001.

## SECOND CAUSE OF ACTION

**(VIOLATION OF CALIFORNIA OVERTIME LAW AGAINST AL COPELAND INVESTMENTS, COMEDY CLUB OF BREA, LLC, COMEDY CLUB OF SAN JOSE, LLC, IRVINE COMEDY CLUB, LLC, IMPROV COMEDY CLUB (HOLLYWOOD), IMPROV COMEDY CLUB (ONTARIO), ROBERT HARTMANN, GERSON M. FRIEDMAN AKA BUDD FRIEDMAN, CALIFORNIA COMEDY, INC., IMPROV WEST, INC., LEVITY ENTERTAINMENT, INC. AND DOES 1 TO 10)**

61.    Plaintiffs incorporate by reference paragraphs 1 through 60 above as though set forth in full herein.

62.    Plaintiffs allege that pursuant to Defendants policy,  Plaintiffs and the class they seek to represent were not paid overtime wages during the liability period, in violation of, among other laws, California Labor Code §510.

63.    As a result of the unlawful acts of Defendants,  Plaintiffs and the

17

class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, under California Labor Code sections 203, 218.5, 226, 226.7, 510, 1194, ICW Wage Orders 5-2000 and 5-2001.

## THIRD CAUSE OF ACTION

**(KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS AGAINST AL COPELAND INVESTMENTS, COMEDY CLUB OF BREA, LLC, COMEDY CLUB OF SAN JOSE, LLC, IRVINE COMEDY CLUB, LLC, IMPROV COMEDY CLUB (HOLLYWOOD), IMPROV COMEDY CLUB (ONTARIO), ROBERT HARTMANN, GERSON M. FRIEDMAN AKA BUDD FRIEDMAN, CALIFORNIA COMEDY, INC., IMPROV WEST, INC., LEVITY ENTERTAINMENT, INC. AND DOES 1 TO 10)**

64.    Plaintiffs incorporate by reference paragraphs 1 through 63 above as though set forth in full herein.

65.    Section 226(a) of the California Labor Code requires Defendants to itemize wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs. On information and belief Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each wage statement that should have provided to Plaintiff.

66.    Section 114 of the California Labor Code requires Defendants to maintain and preserve in a centralized locations, among other items, records showing the named and addresses of all employees employed, payroll records showing the hours worked daily and the wages paid to its employees. On information and belief Defendants have knowingly and intentionally failed to

18

comply with California Labor Code section 1174.  Defendants' failure to comply with California Labor Code section 1174 is unlawful pursuant to California Labor Code section 1175.

67.    ICW Wage Orders 5-2001(7), 5-2000(7), 5-1998(7) require Defendants to maintain time records showing, among others, when the employee begin and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiffs and the members of the proposed class.  On information and belief, Defendants have failed to record all or some of the items delineated in Wage Order 5 section 7 and 226.

68.    Pursuant to California Labor Code section 226, Plaintiffs and the class they seek to represent are entitled up to a maximum of $4,000 each for record-keeping violations.

## FOURTH CAUSE OF ACTION

**(VIOLATION OF UNFAIR COMPETITION LAW AGAINST AL COPELAND INVESTMENTS, COMEDY CLUB OF BREA, LLC, COMEDY CLUB OF SAN JOSE, LLC, IRVINE COMEDY CLUB, LLC, IMPROV COMEDY CLUB (HOLLYWOOD), IMPROV COMEDY CLUB (ONTARIO), ROBERT HARTMANN, GERSON M. FRIEDMAN AKA BUDD FRIEDMAN, CALIFORNIA COMEDY, INC., IMPROV WEST, INC., LEVITY ENTERTAINMENT, INC. AND DOES 1 TO 10)**

69.    Plaintiffs incorporate by reference paragraphs 1 through 68 above as though set forth in full herein.

70.    The actions of Defendants as alleged within this Complaint,

19

constitute false, fraudulent, unlawful, unfair and deceptive business practices within the meaning of Business and Professions Code sections 17200, et.seq.

71. Plaintiffs and the class they seek to represent are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

72. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs the wrongfully withheld wages pursuant to Business and Professions Code section 17203. Plaintiffs are informed and believe, and based thereon allege, that Defendants are unjustly enriched through their requiring employees to assume Defendants' expenditures and losses and failure to indemnify, pay legal wages, and pay compensation for working through meal periods, and compensation for unprovided rest periods to Plaintiffs. Plaintiffs are informed and believe and thereon allege that Plaintiffs and the class they seek to represent are prejudiced by Defendants' unfair trade practices.

73. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs and the class they seek to represent are entitled to equitable and injunctive relief, including full restitution ad/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs and the class they seek to represent as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described, herein.

74. The unlawful conduct alleged herein is continuing and there is no

20

indication that Defendants will not continue such activity into the future. Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to require employees to forfeit vacation pay and/or benefits, fail to indemnify employees and require them to incur expenses and losses and deduct for same, to unlawfully deduct employees' wages, will continue to require employees to work during meal periods, will continue to fail to provide rest periods or provide appropriate compensation in lieu thereof, and commit the unlawful practices as alleged in this Complaint and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

75.     Plaintiffs further request that the court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiffs to pay for losses and cash shortage, purchase and maintain uniforms, and incur expenditures and losses and the other items the subject of this Complaint and which may later be discovered in the course of litigation, and which are the result of negligence or no negligence and not the result of dishonesty, willful conduct or gross negligence, and from forbidding employees to take meal periods or forbidding them to leave the workplace during meal periods and from continuing to deny employees the right to take rest periods and meal periods or provide appropriate compensation in lieu thereof.

/ / /

/ / /

/ / /

/ / /

/ / /

21

## FIFTH CAUSE OF ACTION

**(FRAUD AGAINST AL COPELAND INVESTMENTS, COMEDY CLUB OF BREA, LLC, COMEDY CLUB OF SAN JOSE, LLC, IRVINE COMEDY CLUB, LLC, IMPROV COMEDY CLUB (HOLLYWOOD), IMPROV COMEDY CLUB (ONTARIO), ROBERT HARTMANN, GERSON M. FRIEDMAN AKA BUDD FRIEDMAN, CALIFORNIA COMEDY, INC., IMPROV WEST, INC., LEVITY ENTERTAINMENT, INC. AND DOES 1 TO 10)**

76.     Plaintiffs incorporate by reference paragraphs 1 through 75 above as though set forth in full herein.

77.     This class action was originally filed on January 24, 2008.  The original complaint alleged various wage and hour claims against the Improv Comedy Clubs in San Jose, Hollywood, Brea, Irvine, and Ontario.  These claims included failure to provide rest and meal breaks, and failure to pay overtime.

78.     In about April and May, 2008, Gray, at the direction of, and/or in concert with the other Defendants, engaged in a course of conduct designed to deceptively obtain full releases and waivers of all of the claims alleged in the Complaint for substantially less than what Defendants actually owe by way of this lawsuit.

79.     Plaintiffs allege that in April and May of 2008, Gray held store-wide meetings at every Improv Comedy Club in California with Improv Comedy Club employees.  Plaintiffs allege that it was mandatory for all hourly employees at the five California Improv Comedy Clubs to attend these meetings.  The local management for each Improv Comedy Club was also in attendance at these meetings.

FIRST AMENDED CLASS ACTION COMPLAINT

80.     Plaintiffs allege that at these meetings, Gray stated to the Improv Comedy Club hourly employees in attendance that Gray had just returned from a wage and hour "seminar," and while Gray did not believe any significant number of meal or rest breaks had ever been missed by Improv Comedy Club hourly employees, in the case that any of these employees felt they had missed any rest or meal breaks, the Improv Comedy Club would like to pay them compensation in exchange for signing full release of all wage claims.  These releases and waivers specifically including the release of all claims alleged in the original complaint in this matter, including a waiver all overtime claims Improv Comedy Club employees might have.

81.     Plaintiffs allege that Gray was specifically asked by multiple employees at multiple of these meetings if Improv Comedy Club was making these payments because of any lawsuit which was going on over missed breaks. Plaintiffs allege that each time Gray was asked this question at one of these meetings, Gray represented to the Improv Comedy Club employees in attendance that there was no lawsuit going on over missed breaks.

82.     Plaintiffs allege that at these meetings Gray also intentionally omitted informing the Improv Comedy Club employees: (1) that these employees had an absolute right to all of their wages owed by Defendants, not just the portion thereof Improv Comedy Club was offering them, (2) what the amount actually owed to each Improv Comedy Club employee really was, and (3) that these hourly employees were likely also entitled to significant overtime wages, which they would be forever waiving without receiving any compensation whatsoever related to unpaid overtime.

83.     Plaintiffs allege that hundreds, if not thousands, of Improv Comedy

23

FIRST AMENDED CLASS ACTION COMPLAINT

Club employees were induced by Gray at these meetings to release all wage and hour claims for less than what is actually owed to the Improv Comedy Club hourly employees. Plaintiffs allege that in multiple cases, Gray obtained release from Spanish speaking Improv Comedy Club employees for as little as $100, when these employees are actually due thousands of dollars in unpaid wages.

84.   Plaintiffs allege that the aforementioned misrepresentations and omissions were material in that they deceived hundreds, if not thousands, of Improv Comedy Club hourly employees to waive and/or release their rights to the full amount of wages these Improv Comedy Club employees were actually owed in back wages for missed breaks and unpaid overtime.

85.   Plaintiffs allege that certain Plaintiffs and other putative Class Members relied on the aforementioned misrepresentations and omissions by Gray, and that said reliance was justified.

86.   As a proximate result of Defendants' wrongful conduct, Plaintiffs and the putative class have suffered damages in an amount subject to proof.

87.   Plaintiffs are informed and believe, and based thereon allege that the conduct of the aforementioned Defendants as alleged herein was malicious, oppressive, in conscious disregard of Plaintiffs' and the putative class' rights, and with the purpose and intent of harming and injuring Plaintiffs and the putative class, and defrauding Plaintiffs and the putative class out of compensation to which they are rightfully entitled, and therefore constitutes "malice", entitling Plaintiffs and the putative class to punitive and exemplary damages according to proof.

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

## (DECLARATORY RELIEF AGAINST AL COPELAND INVESTMENTS, COMEDY CLUB OF BREA, LLC, COMEDY CLUB OF SAN JOSE, LLC, IRVINE COMEDY CLUB, LLC, IMPROV COMEDY CLUB (HOLLYWOOD), IMPROV COMEDY CLUB (ONTARIO), ROBERT HARTMANN, GERSON M. FRIEDMAN AKA BUDD FRIEDMAN, CALIFORNIA COMEDY, INC., IMPROV WEST, INC., LEVITY ENTERTAINMENT, INC. AND DOES 1 TO 10)

88.     Plaintiffs incorporate by reference paragraphs 1 through 87 above as though set forth in full herein.

89.     An actual and present controversy exists between Plaintiffs and the putative Class on one hand, and Defendants on the other, concerning their respective rights and obligations as follows:

(a)     Plaintiffs allege that the aforementioned settlement agreements, waivers, and/or releases entered into by and between certain Plaintiffs and other putative class members on one hand, and Defendants on the other hand, which settle, resolve or waive any of the claims alleged in the original complaint filed in this matter, should be held to be void with the Court thereafter issuing the appropriate order consistent with such a holding.

(b)     Plaintiffs allege that Defendants allege that it is Defendants' position that said settlement agreements, waivers and/or releases are valid and should not be ordered void.

90.     Plaintiffs desire a judicial determination and declaration of the parties' respective rights, duties and obligations under the aforementioned

25

FIRST AMENDED CLASS ACTION COMPLAINT

settlement agreements, waivers and releases to the effect that said instruments are void due to, among other reasons, the Plaintiffs and putative class members who signed these instruments were fraudulently induced to do so, and because said instruments are illegal under California law.

## **PRAYER**

WHEREFORE, Plaintiffs and the class they seek to represent pray for judgment as follows:

1.   For compensatory damages in an amount according to proof with interest thereon;

2.   For economic and/or special damages in an amount according to proof with interest thereon;

3.   That Defendants be found to have engaged in unfair competition in violation of section 17200 of the California Business and Professions Code;

4.   For premium pay and penalties pursuant to labor Code section 203;

5.   For premium wages pursuant to Labor Code section 226.7;

6.   For compensation pursuant to Labor Code section 226;

7.   For punitive damages;

8.   For attorney's fees, interest and costs of suit;

9.   For such other and further relief as the Court deems just and proper; and

/ / /

/ / /

/ / /

/ / /

26

10.   Declaratory relief as requested herein.


DATED:      August 6, 2008               HAMNER LAW OFFICES, LLC


                                         By
                                         CHRISTOPHER J. HAMNER
                                         Attorney for Plaintiffs ROBERT
                                         SPAIN, et al. on behalf of themselves
                                         and the class they seek to represent

FIRST AMENDED CLASS ACTION COMPLAINT